**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERKZUP RIDGEFIELD, LLC and SPECIALTY RX, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, et al., <br><br> Defendants. | Civil Action No: 21-14071(SDW)(JSA) <br><br> **OPINION** <br><br> November 1, 2021 |

**WIGENTON**, District Judge.

Before this Court are Defendants American Bankers Insurance Company of Florida ("American Bankers") and The Travelers Indemnity Company's (collectively, "Defendants")[1] Motions to Dismiss Plaintiffs Berkzup Ridgefield, LLC ("Berkzup") and Specialty RX, Inc.'s ("RX") (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

### I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are businesses that, during the events in question, operated out of three buildings located in Ridgefield Park, New Jersey. (D.E. 1-1 ¶¶ 1-2, 6.) On or about December 10, 2018,

---

[1] Defendant Verlan Fire Insurance Company has not moved to dismiss Plaintiffs' claims against it.

1

one of those buildings ("Insured Building") sustained flood damage (the "Incident'). (*Id.* ¶ 31.) Plaintiffs allege that the Insured Building was covered by insurance policies issued by American Bankers and Travelers (the "American Bankers Policy" and the "Travelers Policy"). (*Id.* ¶¶ 7-13, 21-30.)[2] The Travelers Policy provided, in relevant part, that the insured may not bring "legal action against [Travelers under the policy] unless . . . [t]he action is brought . . . within 2 years after the date on which the direct physical loss or damage occurred." (D.E. 3-3 at TRAVELERS_000052-53.) The American Bankers Policy is a Standard Flood Insurance Policy ("SFIP"), the terms of which are codified in 44 C.F.R. pt. 61, App. A(2). Those terms include: 1) a requirement that the insured "[w]ithin 60 days after the loss, send [the Insurer] a proof of loss . . .;" and 2) and a bar to an insured bringing suit "unless [the insured has] complied with all the requirements of the policy." 44 C.F.R. pt. 61, App. A(2), §§ VII at G, O. As a SFIP, the American Bankers Policy also provides that any suit must be filed "within one year of the date of the written denial of all or part of the claim . . .." *Id.* § VII at O.[3]

---

[2] The Travelers Policy, #KTK-CMB-8F14793-0-18, was issued to RX and was in effect from April 29, 2018 through April 29, 2019 (D.E. 3-3 at 1; D.E. 1-1 ¶¶ 21-23.) The American Bankers Policy, #87057237612017, was issued to Berkzup and was in effect from December 13, 2017 through December 13, 2018. (D.E. 1-1 ¶¶ 7-9.)

[3] Although generally a court may only consider the contents of the complaint on a 12(b)(6) motion to dismiss, the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion" to one for summary judgment. *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider documents "*integral to or explicitly relied* upon in the complaint," *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted, emphasis in original); *see also In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017), or matters of public record, *Chugh v. W. Inventory Servs., Inc.*, 333 F. Supp. 285, 289 (D.N.J. 2004). The issue currently before this Court is whether Plaintiffs have sufficiently pled that Defendants wrongfully denied them coverage under their respective insurance policies. Because the polices and the denial letters are integral to and relied upon by the Complaint, this Court may consider them on a motion to dismiss. *See Bartley v. Travelers*, Civ. No. 19-15322, 2020 WL 1987251, at *2 (D.N.J. Apr. 27, 2020) (recognizing that "[c]ourts in this District have frequently considered insurance policies and denial letters when deciding motions to dismiss"). Because the existence and terms of a SFIP are a matter of public record, this Court may consider those terms as well.

On February 8, 2019, "American Bankers acknowledged receipt of Berkzup's notice of loss regarding the incident"[4] and on March 28, 2019, denied coverage. (D.E. 1-1 ¶¶ 38-39.) "On or about August 20, 2020, RX notified Travelers about the Incident," and on December 18, 2020 Travelers denied coverage. (*Id*. ¶¶ 42-43.)

On June 8, 2021, Plaintiffs filed suit in the Superior Court of New Jersey, Law Division, Bergen County, alleging that Defendants wrongfully declined coverage for the Incident, and asserting claims for declaratory relief, breach of contract, promissory estoppel, and unjust enrichment. (*See generally* D.E. 1-1.) Travelers removed to this Court on July 23, 2021 and subsequently moved to dismiss. (D.E. 1, 3.) All briefs were timely filed. (D.E. 17, 18-21.)

## II.  LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept

---

[4] Interestingly, although Plaintiffs plead that American Bankers received a "notice of loss regarding" the Incident, they also submit a Declaration from Dovid Warfman, a manager of Berkzup and RX, which states that "Plaintiffs never filed a sworn proof of loss with American Bankers." (D.E. 18-1 ¶ 16.)

3

as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

Under New Jersey law, contract actions are subject to a six-year statute of limitations. *See* N.J.S.A. § 2A:14-1. "It is well-settled, however, that the terms of an insurance contract may shorten the statute of limitations period." *Bartley v. Travelers*, Civ. No. 19-15322, 2020 WL 1987251, at *3 (D.N.J. Apr. 27, 2020). In either situation, "[a] limitations period may be 'tolled from the time the insured gives notice of loss until the time that the insurance company formally denies coverage.'" *Id.* (quoting *Snell v. W. Am. Ins. Co.*, Civ. No. 14-3985, 2017 WL 2225568, at *3 (D.N.J. May 22, 2017)). Here, the terms of both the Travelers and the American Bankers policies shortened that statutory six-year period to two years and one year, respectively. The Incident occurred on December 10, 2018. Plaintiffs did not file suit until June 8, 2021, nearly 2.5 years after the alleged loss. Under either policy, Plaintiffs' suit is untimely. Under the one-year period set out in the American Bankers Policy, Plaintiffs were required to file suit no later than March 28, 2020, one year after American Bankers denied coverage.[5] (*See* D.E. 1-1 ¶¶ 38-39

---

[5] Plaintiffs concede that they are subject to a one-year filing period. (*See* D.E. 19 at 4; *see also* 42 U.S.C. § 4072; 44 C.F.R. pt. 61, App. A(2), § VII at O.) Plaintiffs also concede that they have failed to provide American Bankers with

(pleading that American Bankers denied Berkzup's claim on March 28, 2019.)  Under the two-year filing period set out in the Travelers Policy (and after tolling the limitations period for four months to reflect the time between RX's providing notice of claim to Travelers on August 20, 2020 and Travelers' denial of coverage on December 18, 2020),[6] Plaintiffs were required to file suit no later than February 21, 2021.  Having failed to timely file their claims against Defendants under either policy, Plaintiffs' claims must be dismissed with prejudice.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED with prejudice**.  An appropriate order follows.

        /s/ Susan D. Wigenton  
        **SUSAN D. WIGENTON, U.S.D.J.**

---

a sworn proof of loss within 60 days of the Incident as required by the terms of the American Bankers policy before suit may be filed.  (*See* D.E. 18-1 ¶ 16 (noting that Berkzup has never filed a sworn proof of loss); D.E. 19 at 4-6.)  Plaintiffs' attempt to excuse their failure to timely submit a sworn proof of loss or to file their Complaint by March 28, 2020 relies on court decisions issued in the wake of Hurricane Katrina and Superstorm Sandy in which proof of loss deadlines were extended by FEMA in order to assist policy holders affected by large-scale catastrophes. (*See* D.E. 19 at 4-5 (citing to *Qader v. FEMA*, 543 F. Supp. 2d 558 (E.D. La. 2008); *Linbald v. Nationwide Mut. Ins. Co.*, Civ No. 14-908, 2014 WL 6895775 (D.N.J. Dec. 4, 2014); and *Kroll v. Johnson*, Civ. No .14-2496, 2014 WL 4626009 (D.N.J. Sept. 15, 2014).)  Those decisions are inapplicable here and, therefore, provide no basis upon which to extend the one-year limitations period.

[6] Nothing warrants further extension of the two-year period.  First, although Plaintiffs argue that they are entitled to equitable tolling because Travelers "purposely ran out the clock and lulled Plaintiffs into delaying the filing of this action," (D.E. 18 at 6), the pleadings do not contain facts that show wrongful or duplicitous conduct by Defendants.  It was RX's decision to wait over a year and a half before notifying Travelers about their claim, leaving themselves little time to file suit before the two-year period expired.  The fact that Travelers took four months to investigate the claim and then deny coverage is not on its face unreasonable.  Second, the period cannot be extended due to the COVID-19 pandemic.  (*See* D.E. 18 at 6-7 (arguing that the pandemic prevented Plaintiffs "from asserting their rights in the normal fashion").)  The New Jersey Supreme Court's Orders regarding tolling of limitations periods during the pandemic applied only to claims for which the statute of limitations expired between March 16, 2020 and May 10, 2020.  (*See* D.E. 20-1 (providing orders issued by the New Jersey Supreme Court on March 17, 2020, March 27, 2020, April 26, 2020, and May 28, 2020).)  Plaintiffs' deadline to file was February 21, 2021, nearly a year later.  Although this Court recognizes the challenges litigants have faced during the pandemic, those challenges do not warrant an extension of Plaintiffs' filing deadline.

Orig:     Clerk
cc:       Jessica S. Allen, U.S.M.J.
          Parties